# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

---------------------------------------------------------------X
KRISTEN LEANN HORTON, Individually and On :
Behalf of All Others Similarly Situated, :
:
               Plaintiff, :
:
     v. : **COLLECTIVE ACTION**
: **COMPLAINT**
LOVE'S TRAVEL STOPS & COUNTRY :
STORES, INC. :
:
               Defendant, :
:
---------------------------------------------------------------X

## INTRODUCTION

Plaintiff Kristen Leann Horton ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendant Love's Travel Stops & Country Stores, Inc. (collectively, "Defendant" or "Love's") seeking all relief available under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "EPA"), on behalf of Plaintiff and all current and former female Operations Managers ("OMs"), however variously titled, who worked at any of Defendant's locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former female OMs who will opt into this action pursuant to the EPA that they are entitled to: (i) unpaid wages based upon Defendant's common policy and practice of paying them less than similarly situated male colleagues on the basis of their gender, female, even though they performed similar duties

requiring the same skill, effort, and responsibility of male OMs; (ii) liquidated damages; and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

3. This Court is also empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Defendant is subject to personal jurisdiction in the Middle District of North Carolina.

5. Venue is proper in the Middle District of North Carolina, Alamance County, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged occurred in, this District.

6. Defendant is a covered employer within the meaning of the EPA and has had gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

7. Plaintiff is an adult individual residing in Wytheville, Virginia.

8. Plaintiff is female.

9. During all relevant times, Plaintiff was employed by Defendant as an OM from on or about April 2012 until on or about September 2018. Plaintiff worked as an OM for Love's at three separate locations: Lambsburg, Virginia (April 2012 to June 2017); Mebane, North Carolina (June 2017 to July 2018); Max Meadows, Virginia (July 2018 to September 2018).

10. As an OM, Plaintiff's duties included: working the cash registers; stocking shelves; cleaning and straightening the store, bathrooms, and showers; assisting customers;

2

organizing the store according to detailed corporate directives; and unpacking merchandise delivered from trucks.

11. All OMs employed by Defendant have substantially the same duties.

12. Plaintiff worked between 55 and 60 hours per week.

13. Plaintiff's annual base salary was $45,000.00.

14. Defendant pays all OMs on a salary basis.

15. Upon information and belief, pursuant to Defendant's policy, pattern or practice, Plaintiff and other female OMs nationwide were not paid equally with Defendant's male OMs.

16. Upon information and belief, Defendant paid male OMs more wages for equal work which required the performance of duties requiring equal skill, effort, and responsibility, and which are performed under similar working conditions, in violation of the EPA.

17. Specifically, Defendant paid Plaintiff's male counterpart/comparator at the Mebane, North Carolina location, Tyler (last name currently unknown, but Defendant is in possession of this information), more wages than it paid Plaintiff for equal work which required the performance of duties requiring equal skill, effort and responsibility. Upon information and belief, Defendant paid Tyler a salary of $53,000 per year, while it paid Plaintiff $45,000 per year.

18. During the relevant time, Tyler had substantially less tenure with Defendant (approximately one year versus Plaintiff's then approximate six years). During the relevant time, Tyler worked substantially less hours than Plaintiffs (approximately 50-55 hours per week versus Plaintiff's 55-60 hours per week). Upon information and belief, during the relevant time, Tyler had less relevant work experience than Plaintiff.

19. Plaintiff and Tyler performed the same duties as OMs, including: working the cash registers; stocking shelves; cleaning and straightening the store, bathrooms, and showers;

3

assisting customers; organizing the store according to detailed corporate directives; and unpacking merchandise delivered from trucks.

20. Plaintiff's written consent to join this action is attached hereto as **Exhibit A**.

*Defendant*

21. Defendant is an Oklahoma Corporation with its principal place of business located at 10601 N. Pennsylvania Avenue, Oklahoma City, Oklahoma, 73120-4108.

22. Defendant does business under the name Love's Travel Stops & Country Stores and operates over 420 retail locations throughout 40 (forty) states.

23. At all times relevant, Defendant has been an employer within the meaning of the EPA.

24. At all times relevant, Defendant has been an enterprise within the meaning of the EPA.

25. At all times relevant, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of the EPA, because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.

26. Defendant has a gross volume of sales made or business done of not less than $500,000.00.

27. At all times relevant, Plaintiff and all similarly situated OMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

28. Defendant is a covered employer within the meaning of the EPA and, at all times relevant, employed Plaintiff and similarly situated employees.

4

29. Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions and the unlawful policies and practices alleged herein.

30. Defendant issued paychecks to Plaintiff and all similarly situated employees during their employment.

31. Pursuant to Defendant's policy and pattern or practice, Defendant failed to pay Plaintiff and other similarly situated female OMs equal wages, as required by the EPA.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings the First Cause of Action, pursuant to the EPA, on behalf of herself and all similarly situated female persons who are or were formerly employed as OMs, and other similarly situated current and former employees holding comparable positions but different titles, by Defendant at its locations nationwide, at any time from three years prior to the filling of this action, through to the entry of judgment in this case (the "Putative EPA Collective").

33. Defendant is liable under the EPA for, *inter alia*, failing to properly pay Plaintiff and Putative EPA Collective members the same wages it paid to male OMs for equal work which required the performance of equal skill, effort, and responsibility, and which are performed under similar working conditions, in violation of the EPA.

34. There are numerous similarly situated current and former female OMs (and other employees holding comparable positions, but different titles) who have not been paid proper wages in violation of the EPA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to Putative EPA Collective members pursuant to 29 U.S.C. § 216(b).

35. Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

36. Plaintiff and Putative EPA Collective members were employed as OMs by Defendant.

37. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to pay Plaintiff and Putative EPA Collective members less than the wages it paid to male OMs for equal work which required the performance of equal skill, effort, and responsibility, and which were performed under similar working conditions, in violation of the EPA

38. Defendant assigned the work that Plaintiff and Putative EPA Collective members have performed or Defendant was aware of the work they performed.

39. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the EPA with respect to Plaintiff and Putative EPA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters. This policy, pattern or practice includes but is not limited to: willfully failing to pay Plaintiff and Putative EPA Collective members the same wages it paid to male OMs for equal work which required the performance of equal skill, effort and responsibility, and which were performed under similar working conditions.

40. Defendant is aware, or should have been aware, that the EPA requires it to pay Plaintiff and Putative EPA Collective members equal wages as the male OMs for equal work which required the performance of equal skill, effort and responsibility, and which were performed under similar working conditions.

## COMMON COLLECTIVE FACTUAL ALLEGATIONS

41. Consistent with Defendant's policy, pattern or practice, Defendant failed to pay Plaintiff and the Putative EPA Collective members the same wages it paid to male OMs for equal work which required the performance of equal skill, effort and responsibility, and which were performed under similar working conditions.

42. All Putative EPA Collective members performed the same or substantially similar primary job duties.

43. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant failed to pay Plaintiff and Putative EPA Collective members the same wages it paid to male OMs for equal work which required the performance of equal skill, effort and responsibility, and which were performed under similar working conditions, in violation of the EPA.

44. Defendant's failure to pay equal wages to Plaintiff and the Putative EPA Collective members was willful.

45. Defendant's unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION
**Equal Pay Act: Brought on Behalf of Plaintiff and Putative EPA Collective Members**

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendant has engaged in a widespread pattern and practice of violating the EPA, as detailed in this Collective Action Complaint.

48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

49. At all relevant times, Plaintiff and Putative EPA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of the EPA.

51. At all times relevant, Plaintiff and Putative EPA Collective members were employees within the meaning of the EPA.

7

Case 1:19-cv-01193-UA-JLW   Document 1   Filed 12/06/19   Page 7 of 10

52. Defendant has failed to pay Plaintiff and other similarly situated Putative EPA Collective members the wages to which they were entitled under the EPA.

53. Defendant's violations of the EPA, as described in this Collective Action Complaint, have been intentional and willful. Defendant has not made a good faith effort to comply with the EPA with respect to the compensation of Plaintiff and other similarly situated Putative EPA Collective members.

54. Because Defendant's violations of the EPA have been willful, a three-year statute of limitations applies.

55. As a result of the Defendant's violations of the EPA, Plaintiff and all other similarly situated Putative EPA Collective members have suffered damages by being denied equal wages in accordance with the EPA.

56. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated Putative EPA Collective members have been deprived of equal compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the EPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Putative EPA Collective members, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Putative EPA Collective members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*., and the supporting United States Department of Labor

8

Case 1:19-cv-01193-UA-JLW   Document 1   Filed 12/06/19   Page 8 of 10

regulations, and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

    C.    A reasonable incentive award for Plaintiff to compensate her for the time and effort she has spent and will spend protecting the interests of other OMs, and for the risks she took in doing so;

    D.    Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under appropriate state law;

    E.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

    F.    Pre-judgment interest and post-judgment interest as provided by law;

    G.    Attorneys' fees and costs of the action, including expert fees; and

    H.    Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:   December 6, 2019

                                    Respectfully submitted,

                                    /s/ Brian L. Kinsley
                                    Brian L. Kinsley
                                    **CRUMLEY ROBERTS LLP**
                                    2400 Freeman Mill Road
                                    Greensboro, NC  27406
                                    T: (800) 288-1529
                                    F: (336) 333-9894
                                    BLKinsley@crumleyroberts.com
                                    NC State Bar No.: 38683

                                    *Local Counsel for Plaintiff*

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
Jessica Massimi*
E-mail: jmassimi@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

Gregg I. Shavitz, Esq.*
E-mail: gshavitz@shavitzlaw.com
Paolo C. Meireles, Esq.*
E-mail: pmeireles@shavitzlaw.com
Logan A. Pardell, Esq.*
Email: lpardell@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile:  (561) 447-8831

*Attorneys for Plaintiff and the Collective*

*\*Notice of Special Appearance Pending*